UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

1215 PINE, LLC, and          )
THE 1215 PINE PARTNERSHIP,    )
                             )
            Plaintiffs,       )
                             )
        vs.                  )          No. 4:05-CV-1532 (CEJ)
                             )
THE TRAVELERS INSURANCE       )
COMPANY, et al.,             )
                             )
            Defendants.       )

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant DeWitt Insurance Company to dismiss plaintiffs' claims for failure to state a claim for relief, pursuant to Rule 12(b)(6), Fed.R.Civ.P. Plaintiffs oppose the motion and the issues are fully briefed.

Plaintiffs 1215 Pine, LLC, and the 1215 Pine Partnership (collectively, "1215 Pine") purchased business liability insurance from Travelers Insurance Company;[1] defendant DeWitt Insurance Company (DeWitt Insurance) is an agent for Travelers.[2] In 2003, a wrongful death action was filed in state court against 1215 Pine and plaintiffs sought coverage under the policies. Plaintiffs allege that defendants refused to provide coverage under the

_____

[1]The complaint names the Travelers Insurance Company, the Travelers Indemnity Company of America, the Travelers Indemnity Company of Connecticut, and the Travelers Property Casualty Insurance Company (collectively, "Travelers").

[2]Plaintiffs also named Nicholas J. Hummel, who was an associate account executive for Travelers, located in Indiana. The Court dismissed plaintiffs' claims against defendant Hummel for lack of personal jurisdiction.

policies or to defend them in the state court action. Plaintiffs assert claims for breach of contract, vexatious refusal to pay, professional negligence and fraud.

## I. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. A complaint is not to be dismissed for failure to state a claim for which relief can be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim entitling him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The factual allegations of a complaint are assumed true and construed in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The issue is not whether plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. Thus,

> [i]f as a matter of law "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," . . . a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.

Neitzke v. Williams, 490 U.S. 319, 327 (1989) (quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)).

## II. **Plaintiffs' Allegations**

Plaintiffs were named as defendants in a wrongful death action filed in the Circuit Court for the City of St. Louis, Devereaux v. 1215 Pine Partnership, No. 032-09945. They received service of the summons and complaint on September 11, 2003. The following day,

they forwarded the complaint to defendants DeWitt Insurance and Travelers "to provide a defense to the lawsuit and to provide the insurance coverage" pursuant to the policies. Plaintiffs allege that on September 23, 2003, defendants told them that an extension of time had been granted for filing an answer. Plaintiffs allege that no such extension was granted. Plaintiffs also allege that defendants stated that they were reviewing the insurance policies to determine whether coverage was available for the damages claimed in the Deveraux lawsuit. Defendants ultimately refused to provide coverage and failed to answer the complaint. A default judgment in the amount of $1,500,000 was entered against plaintiffs on March 19, 2004.

### III. Discussion

The Court first addresses plaintiffs' argument that the motion to dismiss is premature. Plaintiffs first contend that their complaint is sufficient to place defendant on notice of the nature of the claims against it. This argument would be an appropriate response to a motion that the complaint fails to satisfy Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief." Defendant's motion is not premised on Rule 8, however, but on Rule 12(b)(6).

Plaintiffs argue that discovery may reveal that defendant DeWitt Insurance undertook independent acts which expose it to liability. However, the complaint raises the question of whether insureds may hold an insurance agent liable for coverage decisions made by the insurer. This is a question of law and "[i]f as a

matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,'" the claims must be dismissed.  <u>Neitzke</u>, 490 U.S. at 327 (quoting <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984)).

Plaintiffs additionally argue that defendant's motion is premature because plaintiffs have not yet amended their complaint. Plaintiffs have not provided a proposed amended complaint that they contend will address the defects in their pleadings and thus this argument is unavailing.

The insurance policies under which plaintiffs claim coverage were attached to the complaint and incorporated by reference and thus are properly considered in addressing the motion to dismiss. <u>Morton v. Becker</u>, 793 F.2d 185, 187 (8th Cir. 1986) (material attached to the complaint as exhibits may be considered in construing sufficiency of complaint).

### **<u>Count I: Breach of Contract</u>**

Count I alleges that defendants DeWitt Insurance and Travelers issued insurance policies pursuant to which defendants had a duty to provide coverage and to defend plaintiffs in the <u>Devereaux</u> action.  Plaintiffs further allege that defendants breached that duty.

It is a fundamental tenet of contract law that "one cannot be liable for a breach of contract unless one is a party to that contract." <u>21 West, Inc. v. Meadowgreen Trails, Inc.</u>, 913 S.W. 2d 858, 882 (Mo. Ct. App. 1995) (quoting <u>Electron Energy Corp. v. Short</u>, 597 A.2d 175, 177 (Pa. Super. Ct. 1991)).  An agent does not

have liability for the breach of a contract entered into on behalf of a disclosed principal in the absence of evidence that the agent intended to be personally liable.  <u>Benson Optical Co., Inc. v. Floerchinger</u>, 810 S.W.2d 531, 534 (Mo. Ct. App. 1991).

Plaintiffs' complaint does not allege that defendant DeWitt Insurance agreed to be personally liable, and examination of the insurance policies reveals no such intention expressed there.  The declaration pages of the policies at issue list DeWitt Insurance as "Agent or Broker" and bear the signature of DeWitt's president as "Authorized Representative."  The policies use the word "you," to mean the "named insured," and the words "we," "us" and "our" to mean the "Company providing this insurance." Plaintiffs' complaint fails to state a claim for breach of contract against defendant DeWitt Insurance.  <u>See also</u> <u>State ex rel. William Ranni Assocs., Inc. v. Hartenbach</u>, 742 S.W.2d 134, 140 (Mo. 1987) (remedy for policy beneficiaries is to sue insurer, not its agent).

## Count II: Vexatious Refusal to Pay

Plaintiffs seek damages pursuant to §§ 375.296 and 375.420, Mo. Rev. Stat.  Because both statutes on their face apply to "any insurance company," and not to an agent, they provide no basis for plaintiffs to recover from DeWitt Insurance.  Defendant's motion to dismiss will be granted with respect to Count II.

## Count III: Professional Negligence

Plaintiffs allege that defendants held themselves out to the public as "insurance professionals who possessed that degree of education, skill and training required of the insurance

-5-

profession," that defendants owed a duty to plaintiffs to defend them in connection with the Devereaux lawsuit, and that the defendants failed to exercise the proper level of care when they undertook to defend plaintiffs in the Devereaux action.

Under certain circumstances, an insurance agent may be held to owe certain duties to clients and may be liable for the breach of those duties. Barnes v. Metropolitan Life Ins. Co., 612 S.W.2d 786, 787 (Mo. Ct. App. 1981). For example, an agent who undertakes to procure insurance for a party with a view to earning a commission becomes that party's agent and has a duty to procure such insurance. Hecker v. Missouri Property Ins. Placement Facility, 891 S.W.2d 813, 816 (Mo. 1995). The agency relationship thus formed is not continuing, however, and it ceases on execution and delivery of the policy. Id. Plaintiffs cite Pittman v. Great Am. Life Ins. Co., 512 S.W.2d 857, 861 (Mo. Ct. App. 1974), to support their contention that DeWitt Insurance owed them a duty to provide a defense in the Devereaux action. Pittman upheld a verdict against an agent who failed to notify a client that the medical insurance he sought and paid for was declined. The instant dispute involves the insurer's decision not to provide coverage under an existing policy and thus Pittman does not support their contention that defense is among the duties owed to the insured by the insurance agent. Plaintiffs identify no contract provision pursuant to which DeWitt Insurance undertook the duty to defend them in the Devereaux action. Furthermore, the complaint alleges that DeWitt Insurance is Travelers's agent. As a result, DeWitt

Insurance cannot owe a duty to plaintiffs. <u>Budget Rent A Car of St. Louis v. Guaranty National Ins. Co.</u>, 939 S.W.2d 412, 415 (Mo. Ct. App. 1996). Defendant's motion to dismiss will be granted with respect to Count III.

### Count IV: Fraud

To establish their fraud claim, plaintiffs must allege and prove: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted on by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity of the representation; (7) the hearer's reliance on the representation's apparent truthfulness; (8) the hearer's right to so rely; and (9) the hearer's consequent and proximately caused injury. <u>Abell v. City Of St. Louis</u>, 129 S.W.3d 877, 880 (Mo. Ct. App. 2004). The circumstances constituting fraud must be pled with particularity. <u>Dorsch v. Family Medicine, Inc.</u>, 159 S.W.3d 424, 430 (Mo. Ct. App. 2005).

Plaintiffs allege that "defendants" told them they would protect plaintiffs' interests, that they had received an extension of time to file an answer, and that they were reviewing the policies to determine whether coverage was available. Plaintiffs cannot sustain a fraud claim without identifying which individuals made misrepresentations and whether they had authority to do so. <u>Williams v. Belgrade State Bank</u>, 953 S.W.2d 187, 187 (Mo. Ct. App. 1997); <u>Williams v. Mercantile Bank of St. Louis NA</u>, 845 S.W.2d 78, 84 (Mo. Ct. App. 1993) (affirming summary judgment for defendant

where plaintiff failed to identify who made the representation at issue). Plaintiffs' complaint fails to state a claim of fraud against defendant DeWitt Insurance.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant DeWitt Insurance Company to dismiss for failure to state a claim [#29] is **granted**.

**IT IS FURTHER ORDERED** that this action is **dismissed** only as to defendant DeWitt Insurance Company.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 10th day of March, 2006.